USDC SCAN INDEX SHEET

















```
SMV    1/20/06    14:13
3:05-CV-02020    PURE BIOSCIENCE V. FALKEN INDUSTRIES
*8*
*O.*
```

```
                                                    FILED

                                              06 JAN 19 AM 11:11

                                              CLERK U.S. DISTRICT COURT
                                              SOUTHERN DISTRICT OF CALIFORNIA

                                              BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURE BIOSCIENCE fka INNOVATIVE MEDICAL SERVICES, INC., <br><br> Petitioner, <br><br> v. <br><br> FALKEN INDUSTRIES, LTD., a New Jersey corporation, <br><br> Respondent. | Civil No. 05-CV-2020-L(NLS) <br><br> **ORDER GRANTING PETITION FOR ENTRY OF JUDGMENT ON ARBITRAL AWARD [doc. #1]** |

    Pure Bioscience ("Pure") filed a petition for entry of judgment on the award entered on October 12, 2005, in AAA case number 50 133 T 00021 05 by Jack F. Fitzmaurice. (Petition, Exh. 1). The matter was set for hearing on January 30, 2006, in this Court. Under the Local Rules, plaintiff's opposition was due on January 16, 2006. CIV. L.R. 7.1(e.2). To date, respondent Falken Industries, Ltd. has neither filed an opposition nor sought an extension of time in which to file its opposition.

    When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Notwithstanding respondent's failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude granting the petition for entry of judgment on arbitral



1 | award.

## Discussion

On October 2003, Pure filed its AAA statement of claims against NVID International, Falken Industries Ltd. and an individual. The arbitration concerned alleged breaches of a 2001 Settlement Agreement which contained an arbitration provision. Pure's claim against NVID proceeded to hearing before the arbitrator but Falken did not participate in the arbitration and the arbitration as to Falken was bifurcated. On June 9, 2004, Pure filed a motion to compel arbitration in this court which was granted on January 4, 2005. *See* Case Number 04-CV-1147-L(NLS).

As a result of the Court's Order, the arbitral hearing against Falken began on August 8, 2005 and continued for nine days. On October 12, 2005, the arbitrator entered an award in favor of Pure. Under 9 U.S.C. §§ 9-11, an application to enter judgment may be made to the district court for the district within which the award is made. Here, the arbitration was conducted in San Diego.

A district court must enter judgment on an award unless grounds are shown for modification or correction. 9 U.S.C. § 13. Absent an objection on one of the narrow grounds set forth in 9 U.S.C. §§ 10 or 11,[1] the FAA requires the court to enter judgment upon a confirmed arbitration award, without reviewing either the merits of the award or the legal basis upon which it was reached. Here, no grounds for modification or correction have been suggested. Accordingly, the Court will enter judgment on the arbitral award.

. . .

. . .

. . .

. . .

---

[1] Sections 10 and 11 permit a district court to vacate or modify an arbitration award under limited circumstances unrelated to the merits. For example, a court may vacate an award procured by corruption, fraud or undue means or rendered by a partial or corrupt arbitrator. See 9 U.S.C. § 10(a)(1), (2). Also, a court may modify an award to correct an obvious material miscalculation of figures or an imperfection in matter of form not affecting the merits. See 9 U.S.C. § 11(a), (c).

1  Based on the foregoing, **IT IS ORDERED** granting petitioner's petition for entry of
2  judgment on arbitral award. **IT IS FURTHER ORDERED** directing the Clerk of the Court to
3  enter judgment in accordance with the award of the arbitrator (Petition, Exh. 1).
4  **IT IS SO ORDERED**.

6  Dated: 1/18/06

   M. JAMES LORENZ
   UNITED STATES DISTRICT JUDGE

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

Charles E. Brumfield, Esq.
c/o Pure Bioscience
1725 Gillespie Way
El Cajon, CA 92020

Michael J. Rovell, Esq.
Law Offices of Michael J. Rovell Chtd
20 North Clark Street, Suite 2450
Chicago, IL 60602