UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PURE BIOSCIENCE fka INNOVATIVE MEDICAL SERVICES, INC.,

Petitioner,

v.

FALKEN INDUSTRIES, LTD., a New Jersey corporation,

Respondent.

Civil No. 05-CV-2020-L(NLS)

**ORDER DENYING MOTION TO VACATE JANUARY 18, 2006 ORDER AND JUDGMENT [doc. #12]**

Pure Bioscience ("Pure") filed a petition for entry of judgment on an arbitral award that was entered on October 12, 2005, in AAA case number 50 133 T 00021 05 by Jack F. Fitzmaurice. Briefing on Pure's petition was scheduled according to the Civil Local Rules. Although it received notice of the hearing and briefing schedule, respondent Falken Industries, Ltd. ("Falken") neither filed an opposition nor sought an extension of time in which to file its opposition. In its Order granting the petition, the Court noted that when an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Notwithstanding respondent's failure to file an opposition, the Court reviewed the motion on the merits to determine whether any legal issue existed that would preclude granting the petition for entry of judgment on arbitral award.

The Court's Order dated January 18, 2006,[1] reviewed the procedural history of the case as follows: On October 2003, Pure filed its AAA statement of claims against NVID International, Falken Industries Ltd. and an individual. The arbitration concerned alleged breaches of a 2001 Settlement Agreement which contained an arbitration provision. Pure's claim against NVID proceeded to hearing before the arbitrator but Falken did not participate in the arbitration and the arbitration as to Falken was bifurcated so that Falken could challenge in a court of competent jurisdiction whether it was subject to arbitration under the Settlement Agreement.

On June 9, 2004, Pure filed a motion to compel arbitration against Falken in this Court which was granted on January 4, 2005. *See Pure Bioscience v. Falken Industries, Ltd.*, 04-CV-1147-L(NLS). Falken filed a Notice of Appeal with the Ninth Circuit Court of Appeal with respect to the Court's finding that Falken would be compelled to arbitrate on the basis of estoppel. But as a result of the Court's Order, the arbitral hearing against Falken began on August 8, 2005 and continued for nine days. On October 12, 2005, the arbitrator entered an award in favor of Pure.

Pure then filed this case, 04-CV-2020-L(NLS), seeking entry of judgment on the arbitral award. Under 9 U.S.C. §§ 9-11, an application to enter judgment on an arbitral award may be made to the district court for the district within which the award is made. Here, the arbitration was conducted in San Diego and therefore, Pure's petition for entry of judgment was considered by the undersigned.

In its January 18, 2006 Order, the Court set forth the legal standard for entering judgment on an arbitral award: the Court must enter judgment on an award unless grounds are shown for modification or correction. 9 U.S.C. § 13. Absent an objection on one of the narrow grounds set forth in 9 U.S.C. §§ 10 or 11,[2] the FAA requires the court to enter judgment upon a

---

[1] The January 18, 2006 Order was filed on January 19, 2006 [doc. #8].

[2] Sections 10 and 11 permit a district court to vacate or modify an arbitration award under limited circumstances unrelated to the merits. For example, a court may vacate an award procured by corruption, fraud or undue means or rendered by a partial or corrupt arbitrator. See 9 U.S.C. § 10(a)(1), (2). Also, a court may modify an award to correct an obvious material miscalculation of figures or an imperfection in matter of form not affecting the merits. See 9 U.S.C. § 11(a), (c).

confirmed arbitration award without reviewing either the merits of the award or the legal basis upon which it was reached. Because respondent Falken did not respond to the petition for entry of judgment, after reviewing the materials Pure provided, the Court found no grounds for modification or correction had been suggested. Thus, the Court entered judgment on the arbitral award as requested by Pure.

On February 24, 2006, the appeal Falken had taken in case 04-CV-1147-L(NLS) was dismissed for lack of jurisdiction. *See* Ninth Circuit Order 05-55203 (District Court No. 04-CV-1147-L, doc. #56). Falken filed a motion for reconsideration of the dismissal of the appeal. The Ninth Circuit denied the motion for reconsideration on April 19, 2006 and the mandate was issued on April 27, 2006.[3]

On February 7, 2006, Falken filed the present motion to vacate the January 18, 2006 Order and the judgment. Falken contends that default was entered against it when the Court granted the petition for judgment confirming the arbitration because it had not opposed the petition. Accordingly, the Court looks to Federal Rule of Civil Procedure 55(c) in deciding Falken's motion to vacate the Court's January 18, 2006 Order.

**1. Legal Standard**

Federal Rules of Civil Procedure 55(c) allows the court to set aside an entry of default for good cause. FED. R. CIV. P. 55(c). In general, a more lenient standard is applied to setting aside entry of default than is applied to vacating a default judgment: "The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986). Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c). Where timely relief from entry of default is sought and the movant has a meritorious defense, a decision on the merits is favored. *O'Connor v. Nevada*, 27 F.3d 357, 364

[3] The Court takes judicial notice of the Ninth Circuit's docket in the appeal of 04-CV-1147-L(NLS).

(9th Cir. 1994).

Three factors are used in deciding whether to vacate entry of default under Rule 55(c). *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Those factors include whether the defendant's culpable conduct led to the default; whether defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *Id.* "This tripartite test is disjunctive." *Hammer v. Drago*, 940 F.2d 524, 525-26 (9th Cir. 1991); *see also*, *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). Thus, a finding that the non-moving party will be prejudiced, *or* that the moving party lacks a meritorious defense, *or* that the moving party's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment. *Cassidy v. Tenorio*, 856 F.2d 1412, 1414 (9th Cir. 1988). The burden is on the movant to show that the circumstances for vacating a default are met. *TCI*, 244 F.3d at 696 (citing *Cassidy*, 856 F.2d at 1415).

**2. Discussion**

**a. Culpable Conduct**

Here, respondent failed to respond to the petition for entry of judgment within the time provided or to seek additional time in which to respond to the petition. Respondent contends it was not properly served with the petition and thus, its conduct was not culpable.

The Ninth Circuit authority over the applicable standard to use for the culpability prong of the "good cause"/"excusable neglect" inquiry is somewhat at odds. In *Franchise Holdings II v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), the Court found that where there is receipt of actual or constructive notice of the filing of an action and defendant fails to answer, then the lack of response is, in itself, indicative of culpability and an appropriate basis upon which to deny a motion to vacate. *Franchise Holdings II*, 375 F.3d at 926. But under the Ninth Circuit's holding in the earlier *TCI Group* decision, courts have held that in addition to receiving notice of a filing there must be a showing that defendant intentionally failed to answer. *See, e.g.*, *Alan Neuman Prods. Inc. v. Albright*, 862 F.3d 1388, 1392 (9th Cir. 1988); *Gregorian v. Izvestia*, 871 F.2d 1515, 1522 (9th Cir. 1989).

In *TCI Group*, the Ninth Circuit specifically rejected the notion that a mere failure to respond required a finding of culpability and noted that under recent Supreme Court precedent and prior Ninth Circuit authority, excusable neglect "encompasses simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *TCI Group*, 244 F.3d at 697[4] (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U .S. 380, 395 (1993)). In other words, although an omission may be "intentional" in the traditional sense, if defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process, then it is not 'intentional', and therefore, is not necessarily culpable or inexcusable[5] although after considering equitable factors, a court may find culpable conduct.

Falken contends it did not receive proper service of the petition to confirm arbitration award and accordingly, it did not engage in culpable conduct. The record provided in the declaration of Charles E. Brumfield demonstrates that as early as October26, 2005, Mr. Rovell, counsel for Falken in the arbitration hearing before Arbitrator Fitzmaurice, received notice that the petition to confirm the arbitration award was filed. (Brumfield Declar. at 6-7, ¶ 17). On November 1, 2005, Pure also provided notice to the Ninth Circuit and Falken in its “Second Augmentation of Pure’s Status Report” of the October 25, 2005 filing of its petition to confirm the arbitration award. *Id.* at 7, ¶19. By e-mail, Mr. Rovell advised counsel for Pure, Charles Brumfield, that he was not authorized to accept service on behalf of Falken. (Motion to vacate, Exh. 6, Rovell Declar. at 6, ¶16).

Pure sought a continuance of the hearing date on the petition to confirm the arbitration because of the issue concerning proper service of the petition on Falken. On December 1, 2005, Pure served the petition and notice of the January 30, 2006 hearing on the petition on Falken by

---

[4] In *TCI Group*, the Court reversed and remanded, finding no culpability where a widow who was taking antidepressants, selling her home and moving with her small children across the country, neglected to meet filing deadlines. The Court noted that it was merely "a case where a party unfamiliar with the legal system defaulted at a time of extreme personal difficulty." TCI Group, 244 F.3d at 699.

[5] The terms “culpable conduct” and “inexcusable neglect” are interchangeable for purposes of a motion for relief from default. *See TCI*, 244 F.3d at 696.

way of certified mail at Attorney Rovell's office; on Falken's agent of service in New Jersey; on Falken's Paris business address; and by personally serving the petition and notice of hearing on XL Corporation as Falken's official agent for service of process. (Brumfield Declar. at 11, ¶¶ 30-34).

There can be no dispute from this record that Falken had notice of the petition and the hearing date. Counsel for Falken, Joel Seidel states in his declaration that he was not served with the petition but learned in some unspecified manner of the January 30 hearing date "no earlier than approximately mid-January, 2006." (Seidel Declar. at 1, ¶ 2). Mr. Seidel states he was preparing a motion to stay the petition to confirm but does not address when his preparation began on the motion to stay if he only first learned that there was such a petition to confirm in mid-January. *Id.* at 1, ¶ 2.

Accepting Mr. Seidel's declaration as true, by mid-January, Mr. Seidel knew of the petition. As an attorney admitted to practice before the district court in the Southern District of California, Mr. Seidel knew that the Local Rules provide a briefing schedule based upon the hearing date given by the Court. Nevertheless, Falken's counsel did not seek an extension of time in which to file an opposition either by stipulation or by submitting a request to the Court. It is clear, however, that even if Mr. Seidel learned of the petition and hearing date in mid-January, Falken and Falken's counsel, Mr. Rovell, knew of the petition and hearing date by early November, 2005. Only after the time for filing an opposition had passed did the Court grant Pure's petition to confirm arbitration award.

If Mr. Seidel's declaration stood alone, the Court would likely find excusable neglect, *i.e.*, a failure to act caused by carelessness on the part of counsel. But the Court looks to the entire record in determining whether conduct is excusable or culpable. Because Falken was well aware of both the filing of the petition and hearing dates in early November 2005, its conduct in not seeking additional time to respond if needed or in filing an opposition to the petition shows an effort to manipulate the system to its advantage. Falken has engaged counsel who are familiar with the legal system and specifically are aware of the Civil Local Rules for the United States District Court for the Southern District of California as demonstrated in the prior case, 04-CV-

1147-L(NLS). Here too, defendant's explanation for failure to timely act is not credible and appears to have been a deliberate choice made in bad faith. *See, e.g., Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (defendant bar owners ignored the summons and complaint despite frequent chats with their lawyers during the period for answer, and filed false affidavits claiming they had not been served).

The Court finds and concludes that Falken's own culpable conduct caused the petition to confirm arbitration to be granted by default.[6] Although Falken's culpable conduct is sufficient to deny the motion to vacate the default, the Court will also consider whether Falken has a meritorious defense to the confirmation of the arbitration award and whether Pure would be prejudiced if Falken's motion to set aside the Court's January 18, 2006 Order is granted.

**b. Meritorious Defense**

The Ninth Circuit has held that to demonstrate the existence of a meritorious defense, a party must offer up more than mere conclusory assertions and instead "must present specific facts that would constitute a defense" if the litigation was permitted to proceed. *TCI Group*, 244 F.3d at 700 (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)). "A mere denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holdings II*, 375 F.3d at 926 (quoting *Madsen*, 419 F.2d at 6) (internal citations omitted).

As noted above, the grounds that permit a district court to vacate or modify an arbitration award are very narrow and are limited to circumstances unrelated to the merits, *e.g.*, an award is procured by corruption, fraud or undue means or is rendered by a partial or corrupt arbitrator. See 9 U.S.C. § 10(a)(1), (2). Falken contends that its defenses to the petition to confirm the arbitral award would provide the basis for relief from the Court's January 18, 2006 Order on the ground that the arbitrator "exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

---

[6] Although the Court took into account that Falken had not responded to the petition to confirm the arbitration award as permitted under the Civil Local Rules, the Court also conducted an on-the-merits review of all the materials presented by Pure in order to determine if there were any aspects on the face of the papers that could be construed as grounds to deny the petition to confirm the arbitration. The Court found none.

The Court notes that Falken has not filed a motion to vacate the arbitral award as it would be entitled to do if grounds existed under 9 U.S.C. § 10(a)(1), (2).

Falken first argues that estoppel is not available to compel arbitration based on *DSMC, Inc. v. Convera*, 349 F.3d 679, 683 (D.C. Cir. 2003). Falken misreads *DSMC*. In *DSMC* the issue on appeal was not whether there is a right to compel arbitration under a theory of equitable estoppel but whether there is a right to an interlocutory appeal from the denial of a motion seeking to compel arbitration that is based on equitable estoppel. Thus, the issue was the scope of interlocutory appeal in an arbitration setting. The *DSMC* court did not address the issue raised by Falken, *i.e.*, whether equitable estoppel can be the basis upon which parties are ordered to arbitrate. *See also In re Universal Service Fund Telephone Billing Practice Litigation v. Sprint Communications Co. L.P.*, 428 F.3d 940, 943 (10th Cir. 2005)("We also agree with the *DSMC* court that dismissing this appeal does not mean equitable estoppel cannot be employed to compel arbitration. Indeed, our holding is limited to whether Defendants can invoke interlocutory appellate jurisdiction to challenge the merits of the district court's order."). Accordingly, Falken's reliance on *DSMC* as a defense to a petition for confirmation or judgment of an arbitration award is without merit. Moreover, this defense goes to the legal question of whether a party who has not signed an arbitration agreement can be bound on the basis of estoppel and not to the narrow grounds available to vacate an arbitration award.

Falken also contends that the arbitrator made a dispositive finding against it in a portion of an earlier arbitration when Falken was not present. This contention is belied by the arbitrator's "clean slate" review to Falken on the issues of liability and damages. (*See* Brumfield Declar. at 9). Falken does not make any showing that the arbitrator did bind Falken to a previous finding in the NVID arbitration.

Finally, Falken makes no showing of impropriety on the part of Arbitrator Fitzmaurice.

Here, respondent has failed to demonstrate any of the "narrow grounds" for overturning the arbitration award. Nor has Falken offered specific facts showing a defense but instead offers conclusory assertions. Thus, Falken has not met the meritorious defense factor for vacating entry of default.

**c. Prejudice**

Plaintiff may not claim "prejudice" merely from having to prosecute the case on its merits. Thus, if the sole harm plaintiff may suffer is in the form of additional fees and expenses incurred, prejudice has not been shown. *See TCI*, 244 F.3d at 701. To be considered prejudicial, there must be "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (*quoting Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

This is not the typical case, however, where a plaintiff seeks damages from a defendant. Rather, an arbitration award was entered in Pure's favor which entitled it to money damages from respondent Falken. Pure sought in this action an order confirming the arbitral award. The Ninth Circuit has dismissed the appeal in the underlying case which concluded that Falken was required to arbitrate Pure's then-pending claims. Here, because the petition at issue here was brought to confirm an arbitral award, prejudice would be in the form of undue delay with respect to executing on the arbitral award. Prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (as amended) (presuming from elapsed time that a party's ability to prosecute or defend a case has been prejudiced). Under these circumstances, specifically, there being no showing of a meritorious defense to the arbitral award, the Court finds petitioner would suffer prejudice by setting aside the Court's January 18, 2006 Order confirming the award in the form of undue delay in executing on the award.

**Conclusion**

Here, the Court's finding that respondent has not made a showing of a meritorious defense is sufficient, standing alone, to support denial of respondent's motion to vacate the Court's Order. The Court further finds, however, a showing of prejudice to petitioner if the Court's Order is vacated. Although the Court finds culpable conduct on the part of respondent, even in the absence of such conduct, the motion to vacate the Court's Order is not warranted. The Court is mindful of the strong policy favoring adjudication on the merits but in balancing the equitable considerations, the Court finds that all factors weigh in favor of denying Falken's

motion to vacate the Court's January 18, 2006 Order. Accordingly, the Court concludes that respondent has not demonstrated good cause to set aside the entry of default.

Based on the foregoing, **IT IS ORDERED** denying respondent's motion to vacate the Court's Order [doc. #8] filed January 18, 2006. [doc. #12].

**IT IS SO ORDERED**.

DATED: September 27, 2006

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL